**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL FALLEUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. _____ |
| | ) | |
| AQUION, INC. d/b/a RAINSOFT, and | ) | |
| HOME DEPOT, U.S.A. INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Aquion, Inc. d/b/a Rainsoft and Home Depot, U.S.A., Inc. (collectively "Defendants"),

pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as well as the Class Action Fairness Act

("CAFA"), hereby notify this Court that they are removing the above-captioned action, currently

pending in the Court of Common Pleas in and for Franklin County, Ohio, to the United States

District Court for the Southern District of Ohio, Columbus Division.  In support of this Notice of

Removal, Defendants state as follows:

1.      On January 7, 2019, Michael Falleur filed a class action Complaint for damages,

declaratory relief, attorneys' fees, costs, and other relief styled *Michael Falleur v. Aquion, Inc.*

*d/b/a Rainsoft and Home Depot U.S.A., Inc.*, Case Number 19 CV 000122, in the Court of

Common Pleas in and for Franklin County, Ohio (the "State Court Action").  All papers served

in the State Court Action are attached as **Exhibit A**.

2.      Defendant Home Depot received service of the original Complaint on January 9,

2019.  *See* Home Depot Service of Process Record, attached as **Exhibit B**.  Defendant Aquion

received service of the original Complaint on January 10, 2019.  *See* Aquion Service of Process

Record, attached as **Exhibit C**.   Thus, Defendants file this Notice of Removal with this Court within thirty days of receipt of the Complaint through service or otherwise as required by 28 U.S.C. § 1446(b).

3.      In accordance with 28 U.S.C. § 1446(d), Defendants have contemporaneously filed a copy of this Notice of Removal with the Clerk of the Court of Common Pleas in and for Franklin County, Ohio.  A copy of this written notice of the Notice of Removal is attached as **Exhibit D**.

4.      In accordance with 28 U.S.C. § 1446(d), Defendants have also given written notice to Plaintiff by contemporaneously serving this Notice of Removal and Exhibit D on counsel for Plaintiff.

5.      As required by 28 U.S.C. § 1441, Defendants seek to remove this case to the Southern District of Ohio, which is the District Court embracing the place where the State Court Action has been filed.

6.      Venue lies in this Court because Plaintiff maintains his State Court Action in this District and Division.  28 U.S.C. § 1441(a).

7.      Pursuant to 28 U.S.C. § 1332 and CAFA, this Court has original subject matter jurisdiction of this action because it is a civil action where the amount in controversy (based on the allegations in Plaintiff's Complaint) exceeds $5,000,000, exclusive of interest and costs, and it is a class action in which Defendants and Plaintiff are citizens of different states.

8.      Plaintiff's Complaint alleges that Defendants promoted, marketed, and sold Aquion's water treatment products.  Plaintiff contends that Aquion dealers contacted customers to set up a "water evaluation"; Defendants failed to disclose that the evaluations would not provide sufficient analysis to determine if a water treatment system is needed; and that these

evaluations were intended to induce consumers into purchasing Aquion water treatment systems "for thousands of dollars more than comparable products . . . that are readily available for far less." (Compl ¶¶ 1, 10, 13.)  Plaintiff's Complaint seeks redress under the Ohio Consumer Sales Practices Act for "all remedies and damages available" and for common law fraud, unjust enrichment, and civil conspiracy.  (*Id.* at 9-13.)

9.       Plaintiff purports to bring suit as a class action on behalf of a class defined as: "[a]ll Ohio persons or entities who agreed to purchase an Aquion water treatment system from Aquion, Home Depot, or any of Aquion's authorized dealers of water treatment systems in Ohio following an in-home water test for the purpose of household use from January 24, 2011 to the date of class certification." (*Id.* ¶ 22.)  Plaintiff further alleges the number of putative class members exceeds 100 members.  (*Id.* ¶ 25.)

10.       Diversity jurisdiction exists because Plaintiff and Defendants are citizens of different states.

11.       Plaintiff and all putative class members are citizens of Ohio.  (*Id.* ¶¶ 4, 7.)

12.       Aquion, Inc. is a citizen of Delaware and Illinois because it is a corporation organized under the laws of Delaware and maintains its principal place of business in Illinois. (*Id.* ¶ 5.)  Thus, for jurisdictional purposes, Aquion is a citizen of Illinois and Delaware, and perfect diversity of citizenship exists between it and Plaintiff.

13.       Home Depot U.S.A., Inc. is a citizen of Delaware and Georgia because it is a corporation organized under the laws of Delaware and maintains its principal place of business in Georgia.  (*Id.* ¶ 6.) Thus, for jurisdictional purposes, Home Depot is a citizen of Georgia and Delaware, and perfect diversity of citizenship exists between it and Plaintiff.

14.     All of the Defendants are citizens of states other than Ohio.  Accordingly, complete diversity of citizenship exists among all of the parties.

15.     As required by 28 U.S.C. § 1332, this Court has jurisdiction because the amount in controversy contemplated by Plaintiff's allegations is greater than $5,000,000.  Although Plaintiff's Complaint remains silent on a total damage figure, based on a conservative reading of the allegations in the Complaint as well as the facts set forth in the Declaration of Clifford Jon Leegard, attached as **Exhibit E**, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.[1]

16.     A party seeking removal bears the burden of establishing federal court jurisdiction.  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).  Where a plaintiff fails to plead a specific damage amount—as Plaintiff does here—the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement.  *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 478 (6th Cir. 2014).  So long as removal is procedurally proper, a defendant may introduce affidavits, declarations, or other documentary evidence that supports the substantive jurisdictional requirements.  *See, e.g.*, *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 770 (6th Cir. 2009) ("The district court concluded that Chesapeake's 'anticipated loss, as set forth in the Adams affidavit, exceeds the jurisdictional minimum,' and we agree.").

17.     Plaintiff's Complaint acknowledges that "[t]he exact number of class members is unknown" but states upon information and belief the putative class exceeds 100 persons.  (*Id.*

---

[1] Defendants do not concede—and expressly deny—that Plaintiff is entitled to any damages in this case.  The discussion of damages and various calculations herein is for the purposes of determining the amount in controversy only.

¶ 25.)  Plaintiff pleads that the number of potential class members could best be ascertained by information maintained by Defendants.  (*Id.*)

18.     Plaintiff seeks "all remedies and damages available . . . including restitution." (Compl. at 12.)  The Complaint defines the scope of restitution here as "the difference between the actual market value of the water treatment system that was advertised and which they agreed to purchase."  (*Id.*)  Plaintiff does not state any specific figures or sums in his Complaint; however, he alleges that consumers spent "thousands of dollars more" than they would have paid for "comparable products from other manufacturers that are readily available for far less."  *Id.* ¶ 13.

19.     Aquion sells water conditioning systems, drinking water systems, and water filtration systems.  (Ex. E ¶ 6.)  Aquion's independently owned and operated dealers typically sell customers some combination of systems depending on each customer's needs.  (*Id.* ¶ 8.)

20.     Since January 24, 2011, Ohio-based dealers sold at least one water conditioning system, drinking water system, or water filtration system to at least 6,734 customers in that state. (Ex. E. ¶ 9.)  Therefore, at least 6,734 putative class members potentially exist.

21.     Plaintiff has not identified any "comparable products from other manufacturers" or stated their prices; however, he alleges that Aquion's water treatment systems cost "thousands of dollars more" than these comparable products.  Plaintiff therefore alleges that each of the 6,734 potential class members overpaid by at least $2,000 when purchasing their Aquion water treatment systems.

22.     Therefore, even after adopting the most conservative interpretation of Plaintiff's Complaint, the total amount of restitution sought on behalf of all of these 6,734 potential class members would exceed $13,468,000 ($2,000 x 6,734).

23.     Plaintiffs' request for attorneys' fees would further increase the amount in controversy.  A court should consider attorneys' fees when determining the amount in controversy if "the fees are provided for by contract or . . . a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). The Ohio Consumer Sales Practices Act expressly authorizes an award of attorneys' fees in appropriate cases. *See* Ohio Rev. Code Ann. § 1345.09(F).  Plaintiff's attorneys' fees request could be as much as thirty percent of any judgment. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005) (recognizing that a "study by the Federal Judicial Center of all class actions resolved or settled over a four-year period . . . found a median percentage recovery range of 27-30%").  Thirty percent of a potential $13,468,000 judgment could result in an award of $4,040,400 in attorneys' fees.

24.     When adding together potential restitution for class members who purchased a water treatment system and an award of attorneys' fees, the potential amount in controversy would likely exceed $17,508,400.

25.     Thus, Plaintiff's claim for damages demonstrates by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

26.     Once a defendant has established CAFA's threshold jurisdictional requirements— the requisite number of plaintiffs, minimal diversity, and $5,000,000 in controversy—a plaintiff may only seek remand by showing that one of CAFA's exceptions applies. *See Mason v. Lockwood, Andrews & Newman, P.C.*, 842 F.3d 383, 388 (6th Cir. 2016) ("[T]he party seeking to remand under an exception to CAFA bears the burden of establishing each element of the exception by a preponderance of the evidence.").

27.     Because no defendant is a citizen of Ohio, no exception applies.  First, CAFA's discretionary exception provides that a district court may decline jurisdiction if more than one-third but less than two-thirds of the proposed class members are citizens of the forum state and the primary defendants are citizens of the forum state.  *See* 28 U.S.C. § 1332(d)(3).  Here, Defendants are citizens of Delaware, Georgia, and Illinois.  (*See* Compl. ¶¶ 5, 6.)  None is a citizen of Ohio.  Regardless of the proposed class members' citizenships, this exception cannot apply.

28.     Second, the two mandatory exceptions—the so-called "local controversy" and "home state" exceptions—do not apply for the same reason.  The local controversy exception only applies where the following four conditions are met:  (1) more than two-thirds of the proposed class members are citizens of the forum state, (2) *at least one primary defendant is a citizen of the forum state*, (3) the principal alleged injuries occurred in the forum state, and (4) no other class action asserting similar allegations has been filed against any defendant within three years.  *See* 28 U.S.C. § 1332(d)(4)(A).  The home state exception applies where more than two-thirds of the proposed class members are citizens of the forum state and the primary defendants are citizens of the forum state.  *Id.* § 1332(d)(4)(B).  Again, Defendants are citizens of Delaware, Georgia, and Illinois.  (*See* Compl. ¶¶ 5, 6.)  None is a citizen of the forum state.  Regardless of the other factors, these exceptions cannot apply.

29.     In sum, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Complete diversity exists between the parties, potential class members total in excess of 100 members, and the amount in controversy exceeds $5,000,000.  Further, no CAFA exception to jurisdiction applies.  Accordingly, under 28 U.S.C. § 1441(a), Defendants are entitled to

removal of the State Court Action from the Court of Common Pleas in and for Franklin County, Ohio, to the United States District Court for the Southern District of Ohio, Columbus Division.

WHEREFORE, Defendants respectfully request that the above-captioned action now pending in the Court of Common Pleas in and for Franklin County, Ohio, be removed to the United States District Court for the Southern District of Ohio, Columbus Division. Defendants further ask that the Court assume jurisdiction of this action and enter such other orders necessary to accomplish the requested removal and promote the ends of justice.


Dated: February 4, 2019                          Respectfully submitted,

*/S/ Stephanie M. Chmiel*                */s/ Steven A. Oldham*
THOMPSON HINE LLP                        BENESCH, FRIEDLANDER, COPLAN &
Anthony C. White (0062146)               ARONOFF LLP
Stephanie M. Chmiel (0087555)            Steven A. Oldham (0080876)
41 South High Street                     41 South High Street
Suite 1700                               Suite 2600
Columbus, Ohio 43215                     Columbus, Ohio 43215-6164
Phone: (614) 469-3200                    Phone: (614) 223-9374
Fax:    (614) 469-3361                   Email: soldham@beneschlaw.com
Email: Tony.White@ThompsonHine.com
        Stephanie.Chmiel@ThompsonHine.com   *Attorneys for Home Depot U.S.A., Inc.*

*Attorneys for Defendant Aquion, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY I have this 4th day of February, 2019, served a copy of the foregoing

by electronic delivery on counsel below:

David A. Bressman
David@Bressmanlaw.com
LAW OFFICE OF DAVID A. BRESSMAN
5186 Paul G. Blazer Parkway
Dublin, Ohio 43017

*Attorneys for Plaintiff*

/S/ *Stephanie M. Chmiel*
Attorney for Aquion, Inc.