# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MICHAEL FALLEUR,**

    Plaintiff,

    v.                                  Civil Action 2:19-cv-368
                                        Judge Michael H. Watson
                                        Magistrate Judge Kimberly A. Jolson

**AQUION, INC. d/b/a RAINSOFT, et al.,**

    Defendants.

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Entry of Protective Order and Extension of Time for Plaintiff to Move to Remand and for Defendants to Respond, Move, or Otherwise Plead in Response to the Complaint (Doc. 12). For the reasons that follow, the Joint Motion is **GRANTED**.

A district court may grant a protective order preventing the production of discovery to protect a party or entity from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "To sustain a protective order under Rule 26(c), the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016), *cert. denied sub nom. Fears v. Kasich*, 138 S. Ct. 191, 199 L. Ed. 2d 128 (2017) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236 (quoting *Father M. v. Various Tort Claimants (In re Roman*

*Catholic Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011)). Ultimately, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 36 (1984).

The parties represent that the protective order is necessary because "Defendants will only disclose materials relevant to jurisdictional allegations after entry of a protective order." (*Id.* at 1). "The Parties have largely agreed to the contours and language of a proposed protective order. However, the Parties disagree on three discrete issues." (*Id.*). The Court resolves those three issues below.

The parties first dispute language to be included in paragraph three of the proposed protective order. (Doc. 12 at 2–3). Defendants offer the following hypothetical to illustrate their concerns:

> Plaintiff's proposed language allows for any designation to be discarded by an uninterested third-party and through no fault of the Designating Party. For example, a Designating Party may have shared, under a non-disclosure, confidentiality, or other agreement, a protected document with an uninterested third-party. Should that uninterested third-party produce the protected document in response to a valid subpoena or otherwise and fail to designate the protected document during such production, the uninterested third-party's non-designation would, under Plaintiffs' proposed language, vitiate the Designating Party's designation and allow unfettered use of the otherwise designated document. This would occur despite the Designating Party's non-involvement in any production from the uninterested third-party.

(*Id.*).

The Court is generally reluctant to base its decisions on hypotheticals. Notably, Defendants have not suggested that anything like the result of the above hypothetical has previously occurred in any similar or related litigation. Moreover, it is unclear what authority the Court would have to enforce a Designating Party's confidentiality designation in a situation like Defendants describe above. The Court will therefore adopt Plaintiff's proposed language with respect to this issue. If

2

a situation arises like that described in Defendants' hypothetical above, they are, of course, free to bring that to the Court's attention and request the opportunity to discuss it with the Court.

Next, the parties dispute the language to be included in paragraph ten of the proposed protective order. (*Id.* at 4–7). Defendants propose language consistent with Federal Rule of Evidence 502(d) to modify the default rule. (*Id.* at 6). Plaintiff prefers to use the default rule under Rule 502. (*Id.* at 7). Absent an agreement among the parties, the Court declines to modify the default rule set forth in Rule 502. The Court will adopt Plaintiff's language accordingly.

Finally, the parties dispute the language to be included in paragraph 18 of the proposed protective order. (*Id.* at 8–10). Defendants request language that will, in their view, ensure the timely return or destruction of documents upon conclusion of this action. (*Id.* at 9–10). Plaintiff contends that, "[t]o require the near-immediate destruction of all material obtained in discovery during this litigation, even when that discovery material is relevant to pending litigation in other jurisdictions, would require duplicative and wasteful discovery practice in these other jurisdictions in the absence of any reasonable and foreseeable prejudice or harm to Defendants." (*Id.* at 10).

Based on the Court's experience, Defendants' proposed language is reasonable and advances the parties' respective interests "in securely maintaining [their] documents while protecting the interest of counsel in maintaining archival copies of any protected material that was actually used in the litigation." (*Id.* at 9). The Court will adopt Defendants' proposed language accordingly.

For the foregoing reasons, the parties' Joint Motion (Doc. 12) is **GRANTED**. The Court will separately file a protective order consistent with its decision above. Further, to facilitate the efficient resolution of this case, Plaintiff has agreed to file any motion to remand on jurisdictional

grounds on or before May 6, 2019. Defendants shall move, plead, or otherwise respond to Plaintiff's Complaint on or before May 6, 2019.

    IT IS SO ORDERED.


Date: April 4, 2019                                /s/ Kimberly A. Jolson
                                                         KIMBERLY A. JOLSON
                                                         UNITED STATES MAGISTRATE JUDGE